UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD S. BRADFORD; GLENISS
BRADFORD,

                    Plaintiffs,

          -against-

YOEL LEICHSTEIN; ASANDE EDWARDS;
ABRAHAM IRIZARRY; MEERDEN EVANS,

                    Defendants.

21-CV-0771 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff Richard Bradford (Bradford), who is appearing *pro se*, brings this action on

behalf of himself and his mother, Gleniss Bradford. He invokes the Court's federal question

jurisdiction, 28 U.S.C. § 1331, and asserts that Defendants violated their rights. By order dated

August 11, 2021, the Court granted Bradford's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

          While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Bradford brings this action alleging that Defendants violated his and his mother's rights in discharging his mother from Jacobi Hospital to the Wayne Nursing & Rehabilitation Center (Wayne Center) in the Bronx. He brings this action against three Wayne Center's employees – Yoel Lichstein,[1] the Administrator; Asande Edwards, a social worker; and Merdeen Evans, a

---

[1] Bradford spells this defendant's last name as Leichstein in the caption of the complaint, but as Lichstein in the body of the complaint.

social worker – and Abraham Irizarry, identified as Archcare Senior Life insurance manager. Bradford seeks unspecified damages.

The following allegations are taken from the complaint, which is not a model of clarity. On June 20, 2018, after his mother was discharged from Montefiore Moses Hospital, Bradford arrived with his mother at the Wayne Center for her rehabilitation. As his mother's "medical proxy," Bradford signed a short-term contract for a month of rehabilitation. (ECF 2 at 6.) But that contract was later violated, when Evans, in "cohortion" with Irizarry, agreed to a "bridge contract," which apparently extended the original contract, without Bradford's or his mother's consent. (*Id*.) The Wayne Center also violated Bradford's and his mother's "freedom" with respect to their visitations. (*Id*.)

During Bradford's mother's rehabilitation, Bradford "lost part of his health as a result of getting infected with bacteria from an approaching resident that died of such infection – [Bradford is] still affected." (*Id*.) Further, although his mother was able to use a walker when she arrived at Wayne Center, "do [sic] to their neglect [she] was rendered disable [sic] & her cognit [sic] reflex deteriorated due to the stress inflicted by this action." (*Id*.)

On March 13, 2020, Edwards interfered with Bradford's duties as his mother's agent by "obstruct[ing]" Bradford from bringing his mother home as she requested, after she was discharged from Jacobi Hospital. (*Id*. at 5.) Bradford then asked Lichstein to have his mother discharged to his care, but Lichstein refused, an act that led "to a debt or deficit to [Bradford's and his mother's] income." (*Id*.) The defendants did this "in order for them to claim [that Bradford and his mother] owed them." (*Id*.) Bradford's [e]ntitlement was ignored. (*Id*.) The defendants had also previously violated Bradford's and his mother's rights "to travel & use

[their] [p]assport anywhere @ anytime," prevented them from attending church services, and "obstructed" Bradford's mother from voting from 2018 to 2020. (*Id*.)

The defendants "were able to manipulate another [s]enior with an underline [sic] condition to ignore [Bradford's] power of attorney & have it revoke [sic] on Oct. 4, 2020, but not before violating [his] constitution & her rights." (*Id*. at 6.) Because of the defendants' actions, Bradford "lost a [j]ob that was [g]uarantie [sic] by Medicare Medicaid," which was worth at least $30,000.00 a year. (*Id*.) He was "force [sic] to pay some of the [r]ent after they kept [his] mother" and now he is in debt. (*Id*.) Bradford also "lost wages from business on Amazon Sales & Ebay Sales plumated [sic]" because "the business was attach [sic]" to his mother's bank account. (*Id*.)

## DISCUSSION

### A.    Claims on Behalf of Gleniss Bradford

Plaintiff Richard Bradford brings this action on behalf of himself and his mother Gleniss Bradford. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a person who is not an attorney may not represent anyone other than him or herself in federal court. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Bradford, who is proceeding *pro se* and is not a licensed attorney, cannot act on behalf of his mother. The Court therefore dismisses any claims asserted on behalf of Gleniss Bradford without prejudice to any action she or an attorney may file representing her interests. This action proceeds with Bradford as the sole plaintiff.

**B.      Violation of Federally-Protected Rights**

Because Bradford brings this action asserting that employees of the Wayne Center violated his constitutional and federally-protected rights, the Court construes the complaint as an attempt to assert claims under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Private parties are not generally liable under section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But a private party can qualify as a state actor under the statute if the link between the state action and the private party's action is so close that the private party's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test" ); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

Bradford asserts that employees of the Wayne Center impeded his constitutional rights to travel, attend church services, and engage in other constitutionally protected activity.. He also asserts that the facility's actions in keeping his mother after she was discharged from the hospital violated other unspecified rights.[2] Bradford does not allege that the employees – Lichstein, Edwards, and Evans – are state actors and it appears that the Wayne Center is a private nursing home and therefore also not a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (stating that it is "unable to conclude that nursing homes perform a function that has been traditionally the executive prerogative of the State."); *White v. St. Joseph's Hosp.*, 369 Fed. Appx. 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home[s], and cemeter[ies] . . . are generally not proper § 1983 defendants because they do not act under color of state law."); *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 259-60 (2d Cir. 2008) (holding that defendant group home is not a state actor and not liable under section 1983). Bradford also does not provide any facts from which the Court could reasonably infer that the Wayne Center's or its employees' private action can be attributed to the state. Even if the Wayne Center receives public funds, has a state contract, or is subject to state or federal regulation, those facts alone would not establish that the Wayne Center and its

---

[2] Bradford's allegations do not suggest that Defendants violated any federal statutory rights. At most, his assertions concerning the quality of his mother's care at the Wayne Center may implicate the Nursing Home Reform Act (NHRA), 42 U.S.C. § 1396r, which requires nursing homes to satisfy certain standards regarding the quality of care of their residents in order to be certified to receive Medicaid and Medicare payments. *See* 42 U.S.C. § 1396r(b)(1)(A) ("A nursing facility must care for its residents in such a manner and in such an environment as will promote maintenance or enhancement of the quality of life of each resident."). But any rights provided under the NHRA would belong to Bradford's mother, not him.

Nor does Bradford allege any facts suggesting that he was deprived of any rights relating to Medicaid or Medicare payments. The fact that Bradford no longer received such payments because his mother is now a resident of the Wayne Center does not support a plausible federal claim for relief.

employees are state actors or that they perform a public function that would transform their conduct into state action for the purposes of establishing liability under section 1983.

Because Bradford does not allege that his federally protected rights were violated by a "state actor," he has failed to state a plausible claim under section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Remaining Claims

Bradford's remaining claims concerning the bridge contract, breach of the original contract, the revocation of his power of attorney, and the financial harm caused by Defendant's actions may sound in state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Bradford's federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Bradford may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## D.    Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Bradford's complaint cannot be cured with an amendment, the Court declines to grant him leave to amend his complaint.

## CONCLUSION

Richard Bradford's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Bradford's applications for counsel (ECF 3, 7) are denied as moot, and the Clerk of Court is directed to terminate all other pending matters in this case. Glennis Bradford is dismissed as a party from this action without prejudice.

The Clerk of Court is further directed to mail a copy of this order to Bradford and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge